IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERTA SENER,

        Plaintiff,

v.                                      CIVIL ACTION NO.  2:08-CV-01088

MYLAN PHARMACEUTICALS, INC. et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are the defendants' motions for sanctions [Docket 17] and for an order to show cause why plaintiff's case should not be dismissed for failure to provide sufficient responses to plaintiffs facts sheet [Docket 19].  The plaintiff has not responded to either motion.

On or about November 9, 2009, defendants served the plaintiff with a discovery request entitled First Requests for Admissions seeking responses on the following three matters:

1. Plaintiff's Counsel did not serve Defendants with any of Plaintiff's medical or pharmacy records when they served the Plaintiff Fact Sheet;

2. Plaintiff's Counsel did not have any of Plaintiff's medical or pharmacy records in their possession when they filed the complaint in this case; and,

3. Plaintiff's Counsel did not have any of Plaintiff's medical or pharmacy records in their possession when they served the Defendants with the Plaintiff Fact Sheet . . .

Plaintiff responded to the requests with denials of varying specificity.  On December 3, 2009, the defendants served plaintiff's counsel with the following letter ("Safe Harbor Letter"):

> Pursuant to the safe harbor provision of Rule 11, I am forwarding a Rule 11 Motion which we will file with the Court in 21 days unless you cure the Rule 11 deficiency, which in this particular case would call for a dismissal of the lawsuit.

(Safe Harbor Letter at 1).  Plaintiff did not dismiss the lawsuit as requested in the Safe Harbor Letter.  It is unclear from the instant motion if counsel even acknowledged the Safe Harbor Letter.

The time for responding to the motion for sanctions and to show cause has now expired.  The motion for sanctions alleges as follows:

> [T]he factual contention in [the] . . . complaint that Digitek® caused plaintiff . . . "significant injuries and losses" has no evidentiary support.  A reasonable prefiling investigation of a pharmaceutical claim includes, at a minimum, an examination of reasonably available medical records.  In this case, Plaintiff's counsel did not serve defendants with any medical or pharmacy records when they served Defendants with the Plaintiff Fact Sheet, and none of the limited records that Plaintiff's counsel recently provided to Defendants indicate that Ms. Sener experienced elevated serum digoxin levels, that such levels were toxic, or that such toxicity was the medical cause in fact of any alleged injury.

(Mot. for Sanc. at 1).

In view of the Plaintiff's failure to respond to either of the instant motions, along with her apparent failure to respond to the Safe Harbor Letter, it is unclear, apart from the question of the entitlement to and amount of any Rule 11 sanctions, if she intends to further prosecute this action.

I, accordingly, **ORDER** as follows:

1. In the event that counsel are unable to informally resolve the substance of the instant motion by agreement, a hearing is scheduled for February 23, 2010, at 9:30 a.m. in the undersigned's courtroom; and

2. That counsel for the defendants file no later than February 15, 2010, an affidavit setting forth the fees and costs they believe are reasonable and justified under the circumstances.

*The failure by the Plaintiffs' counsel to appear in person at the hearing will result in the dismissal of this action without prejudice pursuant to Rule 41(b) and may additionally result in the imposition of sanctions to be determined on or after the date of the hearing. Counsel for the plaintiff is directed to personally serve a copy of this order upon plaintiff at her last known address*.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      February 4, 2010

_Joseph R. Goodwin_
Joseph R. Goodwin, Chief Judge